UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23941-CIV-GAYLES/OTAZO-REYES

BRIDGEHEAD CONTAINER
SERVICES LTD.,

    Plaintiff,

v.

ANGEL DONES, JR.,

    Defendant.
_____ /

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Bridgehead Container Services Ltd.'s ("Plaintiff") Motion for Bill of Costs ("Motion for Costs") [D.E. 151]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 165]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 27, 2017, Plaintiff brought this action for damages asserting claims for civil theft and conversion against Defendant Angel Dones, Jr. ("Defendant"). See Compl. [D.E. 1]. On February 10, 2020, a jury trial commenced. See Minute Entry for Proceedings [D.E. 127]. On February 13, 2020, the jury returned a verdict in favor of Plaintiff as to the conversion count. See Verdict Form [D.E. 133]. That same day, the Court entered judgment in favor of Plaintiff as to that count. See Final Judgment [D.E. 135]. On March 13, 2020, Plaintiff filed its Motion for Costs, pursuant to Rule 7(c) of the Local Rules of the United States District Court for the Southern District of Florida, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Title 28,

United States Code, Section 1920 (hereafter, "Section 1920") [D.E. 151]. Defendant filed his Response to Plaintiff's Motion for Costs (hereafter, "Response") on March 27, 2020 [D.E. 164].

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

**DISCUSSION**

**I.     Entitlement to Costs**

As the prevailing party, Plaintiff is entitled to recover taxable costs, and Defendant has not objected to Plaintiff's entitlement to costs.

**II.    Taxable Costs**

Plaintiff seeks to recover the following costs from Defendant:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees of the Clerk | 400.00 |
| Pro Hac Vice Admission (x4) | 300.00 |
| Fees for service of summons and subpoenas[1] | 4,146.01 |
| Fees for recorded transcripts | 2,683.70 |
| Fees for witnesses | 547.51 |
| Compensation of interpreters | 675.00 |
| **TOTAL:** | **8,752.22** |

See Motion for Costs [D.E. 151].

Defendant stipulates to payment of the following costs under Section 1920: $400.00 in fees of the clerk; $547.51 in fees for witnesses;[2] and $675.00 in compensation of interpreters. See Response [D.E. 164-1].

Defendant objects in whole or in part to the following cost items:  (1) *Pro Hac Vice* admission fees; (2) fees for service of summons and subpoenas in excess of the amount charged by the U.S. Marshal's Office; (3) fee for service on Susan Krissel and Jorge Dones; (4) additional fees in connection with service; and (5) additional fees in connection with transcripts. See Response [D.E. 164 at 2].

---

[1] Plaintiff actually seeks $4,124.01 for service fees but its invoices total $4,146.01. See Motion for Costs [D.E. 151-2].  The difference appears to be a calculation error on the part of Plaintiff; therefore, the undersigned applies the correct amount.

[2] Defendant's Stipulated Fees for Witnesses omits the $50 witness fee for Ana Montenegro without explanation.  See Response [D.E. 164-1 at 21-22].  The undersigned deems this to be a calculation error and applies the correct amount.

**(1) *Pro Hac Vice* admission fees**

Defendant argues that Plaintiff is not entitled to *Pro Hac Vice* admission fees because these costs are an expense of counsel, not the client. Id. at 3-4. *Pro Hac Vice* admission fees are not recoverable under Section 1920 as "Fees of the clerk." See Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1459–60 (M.D. Ala. 1997), aff'd sub nom. Eagle Ins. v. Johnson, 162 F.3d 98 (11th Cir. 1998). Therefore, Plaintiff is not entitled to recover *Pro Hac Vice* admission fees in the amount of $300.

**(2) Fees for service of summons and subpoenas**

Defendant objects to Plaintiff's private process server expenses in excess of the rate charged by the United States Marshals Service. Response [D.E. 164 at 5]. Private process server fees may be taxed pursuant to Section 1920. U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). However, such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document. Emery v. Allied Pilots Ass'n, No. 14-80518-CV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017), report and recommendation adopted, No. 14-80518-CIV, 2017 WL 5188351 (S.D. Fla. June 6, 2017).[3] Therefore, Plaintiff may only recover service fees at the rate of $65 per summons or subpoena served.

Defendant also objects to the fee for service of a subpoena on Susan Krissel ("Ms. Krissel"), who was not identified as a witness, nor called to testify at trial. See Response [D.E. 164 at 5]. Plaintiff has not shown that Ms. Krissel's testimony was reasonably necessary for trial; therefore, costs for service of a subpoena on her are not recoverable. See George v. GTE

---

[3] Defendant stipulates to $55.00 per process service as the amount established by regulation under 28 C.F.R. § 0.114. See Response [D.E. 164-1 at 2-23]. However, the current amount for U.S. Marshal service is $65.00. See 28 C.F.R. § 0.114.

Directories Corp., 114 F. Supp. 2d 1281 (M.D. Fla. 2000) (certain service fees not allowed where the appearances of those individuals were not reasonably necessary to the trial).

Defendant also objects to the fee for service of a subpoena on Jorge Dones in Fort Lauderdale, Florida, a place where he neither works nor resides. See Response [D.E. 164 at 5]. Plaintiff attempted service on Jorge Dones at four different addresses on March 13, 2018, including the Fort Lauderdale address. See Motion for Costs [D.E. 151-2 at 7]. Costs incurred in attempting to serve the same individual at different addresses are not recoverable. Nelson v. N. Broward Med. Ctr., No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) (citing Tampa Bay Water v. HDR Eng'g, Inc., 2012 WL 5387830, at *18 (M.D.Fla. Nov.2, 2012)). Therefore, Plaintiff may only recover the costs for service of one subpoena on this witness.[4]

Defendant also objects to additional service of process charges such as "Super Rush," "Priority Rush Fee," "Check Charge," and "Fee Advancement." Response [D.E. 164 at 5]. These additional charges are not taxable under Section 1920. See Dewitt v. Daley, No. 05-61418-CIV, at *7 (S.D. Fla. Nov. 29, 2007), report and recommendation adopted, 2007 WL 9698332 (S.D. Fla. Dec. 17, 2007); James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 650 (S.D. Fla. 2007).

Based on the foregoing, the fees for service of summons and subpoenas is reduced to $1,316.01, as follows:

| Fees for service of summons and subpoena | Requested | Allowed |
|---|---|---|
| Angel Dones Jr. + attempted service + rush fee, 10/31/2017 | 460.00 | 65.00 |
| Maria H. Dones, 3/13/2018 | 205.00 | 65.00 |
| Richard Krissel, 3/13/2018 | 205.00 | 65.00 |

---

[4] Defendant stipulates to additional service of process fees on different dates for Jorge Dones, Ana Montenegro, and Richard Krissel. See Response [D.E. 164-1 at 5-13].

| | | |
|---|---|---|
| Susan Krissel, 3/13/2018 | 102.50 | 0.00 |
| East Atlantic Sales, Inc. c/o Irene Dones + attempted service, 3/13/2018 | 410.00 | 65.00 |
| Angel J. Dones, 3/13/2018 | 105.00 | 65.00 |
| Jorge Dones, attempted service x4, 3/13/2018 | 715.00 | 65.00 |
| Richard Krissel, 4/16/2018 | 205.00 | 65.00 |
| Ana Montenegro, 7/23/2018 | 205.00 | 65.00 |
| Ana Montenegro, 7/20/2018 | 205.00 | 65.00 |
| Ana Montenegro + rush fee + check charge, 1/27/2020 | 142.00 | 65.00 |
| Jorge Dones + fee advancement, 10/16/2018 | 210.00 | 65.00 |
| Natalie Dones + fee advancement, 10/16/ 2018 | 210.00 | 65.00 |
| Jorge Dones, 7/5/2019 | 205.00 | 65.00 |
| Eric Olesky + attempted service + check fee, 1/15/2020 | 149.50 | 65.00 |
| Jorge Dones + check fee, 1/27/2020 | 71.00 | 65.00 |
| FedEx Shipping Invoices[5] | 341.01 | 341.01 |
| **TOTAL Fees for service of summons and subpoena:** | **Requested Total: $4,146.01** | **Allowed Total: $1,316.01** |

**(3) Fees for recorded transcripts**

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice." Five for Entm't, S.A. v. Ayala Rodriguez, No. 11-24142-CV, 2017 WL 511085, at *12 (S.D. Fla. Feb. 2, 2017). "[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." W & O, Inc., 213 F.3d at 621. The burden lies with the non-prevailing party to show that the depositions were "not related to an issue which was present in the case at the time the deposition was taken." Id.

---

[5] Defendant stipulates to payment for all of Plaintiff's FedEx invoice but omits a $40.63 charge for delivery to Ana Montenegro without explanation. See Response [D.E. 164-1 at 14-15]. The undersigned deems this to be a calculation error and applies the correct amount.

6

Additional fees that are necessary to the taking of the deposition are taxable, such are interpreter fees and court reporter attendance fees; however, fees incurred merely for the convenience of counsel are not. See Martinez-Pinillos, 2010 WL *7; see Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013). "Shipping and handling costs derived from the stenographer are not taxable." Castillo v. Teledyne Cont'l Motors. Inc., No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011) report and recommendation adopted, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011).

Plaintiff requests $2,683.70 in fees for recorded transcripts; and provides supporting invoices that are specific to each witness and list separately additional service fees, such as expedited fee, exhibit management, and delivery and handling. See Motion for Costs [D.E. 151-3 at 3-4]. Defendant objects to some of the additional transcript service costs such as litigation package, exhibit management, and delivery and handling.[6] As noted above, the objected to additional transcript costs are not recoverable.

Taking the foregoing guidance into account, along with Defendant's stipulations, the amount recoverable for fees for recorded transcripts is reduced to $1,966.75, as follows:

| Fees for Recorded Transcripts | Requested | Allowed |
|---|---|---|
| **Angel Dones Jr., 6/14/2018** | | |
| Transcript | 232.50 | 232.50 |
| Exhibits | 9.10 | 9.10 |
| Litigation Package | 46.00 | 0.00 |
| **Jorge Dones, 6/14/2018** | | |
| Transcript | 288.75 | 288.75 |
| Attendance fee | 110.00 | 110.00 |
| Exhibits | 7.15 | 7.15 |
| Litigation Package | 46.00 | 0.00 |
| Electronic Delivery | 28.00 | 0.00 |

---

[6] Defendant has stipulated to the exhibit management fees for Angel Dones, Jr. and Jorge Dones. See Response [D.E. 164-1 at 17].

| | | |
|---|---:|---:|
| **Ivan Krissel, 5/24/2018** | | |
| Transcript Services | 293.50 | 293.50 |
| Exhibit Management | 19.50 | 0.00 |
| Delivery and Handling | 35.00 | 0.00 |
| **Eastern Atlantic Corporate Representative, 8/14/2018** | | |
| Transcript Services | 169.75 | 169.75 |
| Expedited Fee | 64.35 | 0.00 |
| Exhibit Management | 7.60 | 0.00 |
| **Ana Montenegro, 8/14/2018** | | |
| Transcript Services | 458.50 | 458.50 |
| Expedited Fee | 214.50 | 0.00 |
| Exhibit Management | 81.10 | 0.00 |
| **Angel Dones, Jr., 8/14/2018** | | |
| Transcript Services | 323.50 | 323.50 |
| Expedited Fee | 144.30 | 0.00 |
| Professional Attendance | 74.00 | 74.00 |
| Exhibit Management | 2.60 | 0.00 |
| Delivery and Handling | 28.00 | 0.00 |
| **TOTAL Fees for Recorded Transcripts:** | **Requested Total: $2,683.70** | **Allowed Total: $1,966.75** |

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Costs be GRANTED IN PART and that Plaintiff be awarded the sum of **$4,905.27** in costs, consisting of the following items:

| **Expenses and Costs** | **Amount ($)** |
|---|---:|
| Fees of the Clerk | 400.00 |
| Fees for service of summons and subpoena | 1,316.01 |
| Fees for recorded transcripts | 1,966.75 |
| Fees for witnesses | 547.51 |
| Compensation of interpreters | 675.00 |
| **TOTAL:** | **$4,905.27** |

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the

8

parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 26th day of June, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
      Counsel of Record