UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23941-DPG

BRIDGEHEAD CONTAINER
 SERVICES LTD.,

    Plaintiff,

v.

ANGEL DONES, JR.,

    Defendant.

_____

**THIRD PARTY IRENE DONES'
MOTION FOR CIVIL CONTEMPT AGAINST
BANK OF AMERICA AND PLAINTIFF**

Third Party Irene Dones, by and through her undersigned counsel, files this, her Motion for Civil Contempt Against Bank of America and Plaintiff, and in support thereof, states as follows:

**STATEMENT OF FACTS**

1.    On May 18, 2021, the Honorable Alicia M. Otazo-Reyes, Magistrate Judge, entered an Order [DE 190][1] granting [DE 179][2] Third Party Irene Dones'

---

[1] [DE 190]: "ORDER granting [179] Third Party MOTION to Vacate; denying as moot [177] MOTION and Memorandum for an Order to Access Jointly Held Safe Deposit Box. Signed by Magistrate Judge Alicia M. Otazo-Reyes on 5/18/202."

Page **1** of **15**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

Motion to Vacate Order [DE 178] to Access Jointly Held Safe Deposit Box, etc. (hereinafter, "Ms. Dones' Motion" or "the Motion"), Said Order further ordered and adjudged that "*Plaintiff's Motion to Access Safe Deposit Box [D.E. 177] is DENIED as moot*."

2. Said Order [DE 190] granting Ms. Dones' Motion to vacate, etc. (hereinafter, "the Order") came as a result of two evidentiary hearings conducted by Judge Otazo-Reyes on May 12, 2021, and May 17, 2021, respectively as to the Motion.

3. The Order was posted on the Court's docket on May 18, 2021, and counsel for all Parties – including then legal counsel to Bank of America, The Noa Law Firm – received a copy of the Order as shown in the NEF serving said Order on all counsel of record. Said NEF was sent to the parties at 12:08 P.M. on May 18, 2021, as shown in the screenshot copy of said emailed NEF, attached hereto and incorporated herein as Exhibit "A."

4. Therefore, that same day, upon learning of the entry of the Order, Ms. Dones arrived around 1:00 P.M. at the South Miami branch of Bank of America (hereinafter, "the Bank") where her Safe Deposit Box in question is located. Ms. Dones requested access but it was denied and an Assistant Manager stated that

---

[2] [DE 179]: "Third Party Irene Dones' Emergency Motion to Vacate [DE 178] Order to Access Jointly Held Safe Deposit Box and to Dissolve as to Her [DE 170] Plaintiff's Writ of Garnishment to Bank of America."

"they" had contacted the Bank's lawyers for approval and that no access would be allowed until said attorneys approved access.

5.  Ms. Dones then contacted the undersigned and related the foregoing. Consequently, the undersigned immediately attempted to contact the Bank's then counsel – the Noa Law Firm – by phone, but the call was answered by a recorded message that invited the caller to leave a voice mail message; consequently, the undersigned left a detailed voice mail message.

6.  Next, the undersigned sent an email at approximately 1:32 P.M. to Joseph A. Noa, Jr., Esq., of said Firm, enclosing a copy of said Order; advising him that Ms. Dones was a the Bank waiting to be granted access to her Safe Deposit Box; and requesting that his Firm provide such approval immediately, as Ms. Dones wished to be provided immediate access to the Safe Deposit Box. A printed copy of said email is attached hereto and incorporated herein as Exhibit "B."

7.  Coincidentally, while the undersigned was typing the foregoing email, almost simultaneously at 1:31 P.M., Plaintiff's counsel had sent an email to Joseph A. Noa, Jr., Esq., also enclosing a copy of said Order and stating that: "*We, therefore, expect Bank of America will continue to prevent access to the safe deposit box until this matter is finally resolved*" thus inviting and urging Bank of

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

America to violate the Court's Order. A printed copy of said email is attached hereto and incorporated herein as Exhibit "C."

8. Then, at 2:34 P.M. Ana Diaz Noa, Esq., of the Noa Law Firm, sent an email to the undersigned enclosing a copy of the foregoing email that said Firm had received from the Plaintiff's counsel (Exhibit "C" hereto) and stating: "*Please advise your client that no entry into the safe deposit box may be had at this time.*" A printed copy of said email is attached hereto and incorporated herein as Exhibit "D."

9. Upon receipt of said email, the undersigned sent an email at 2:53 P.M. to both, Joseph A. Noa , Jr., Esq. and to Plaintiff's counsel, Christopher J. Lyon, Esq., advising them as follows:

> *"We disagree that the Bank may ignore the Court's Order and deny Irene Dones access to her Safe Deposit Box.*
>
> *It is immaterial that the Plaintiff is considering whether to appeal the Order. There is nothing in the Order or the law that permits the Bank to prohibit access to this Safe Deposit Box to Irene Dones. Such access should have been given immediately upon entry of the Order. Therefore, access to the Box has been in effect since 12:04 P.M. today when the Order was posted on the Docket.*
>
> *As the Bank knows, our client went to the branch earlier today after the Order was entered and was told by an Assistant Branch Manager that the Bank needed approval form the Noa Law Firm before allowing access. We communicated this to the Noa Law Firm at approximately 1:32 P.M. Therefore, the Bank has had plenty of notice of Irene Dones' desire to access her safe deposit box today.*

> *Consequently, we demand that Bank of America provide immediate access to the Safe Deposit Box to Irene Dones.*
>
> *Should Bank of America refuse to allow Irene Dones to access said Safe Deposit Box before the branch where it is located closes its safe deposit area today (thereby precluding access thereto), Irene Dones will hold the Bank liable for all damages that she may incur as a result.*
>
> *In the event that the Bank refuses access to the box, it can also expect to receive and face Irene Dones' Motion for Contempt and for reasonable attorney's fees under Fla. Stat. 57.105.*
>
> *TIME IS OF THE ESSENCE.*
>
> *Please govern yourself accordingly*."

A printed copy of said email is attached hereto and incorporated herein as Exhibit "E."

10.   No response to that email was received from either counsel and eventually Ms. Dones left the Bank, as it became crystal clear that Plaintiff and Bank of America were steadfast in their decision to ignore and violate the Court's Order.

11.   At around 6:40 P.M. or so, a call was received at the undersigned's office telephone number from John D. Bernstein, Esq., of the Firm Liebler, Gonzalez & Portuondo, who left a voice mail message. Said message was forwarded by the auto-answering system to the undersigned's law partner, David

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

M. Trontz, Esq., who in turn forwarded via email it to the undersigned several minutes later. Unfortunately, the undersigned was attending his stepson's baseball game at the time and did not see the email until early this morning.

12.   In the interim, at 11:11 P.M. Mr. Bernstein had sent an email to the undersigned advising that his Firm serves as outside counsel for Bank of America and requesting that he be contacted regarded this matter. The undersigned also did not see or read said email until early this morning.

13.   The undersigned telephoned Mr. Bernstein twice today before filing this Motion; first, at 8:40 A.M. and then at 10:00 A.M. During said calls Mr. Bernstein reiterated Bank of America's position that it would not grant Ms. Dones access to the Box because – in essence – the Order did not specifically state that the Bank was authorized to do so.

14.   The undersigned related to Mr. Bernstein that the Order specifically denied Plaintiff's [DE 177] Motion for access to the Safe Deposit Box and that therefore, the Bank's position was illogical; the undersigned then reiterated to Mr. Bernstein that Ms. Dones would be filing a Motion for Contempt against the Bank today and asked for the Bank's position; in response, Mr. Bernstein indicated that he understood Ms. Dones' position but reiterated his previous advice as to the Bank's position.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

15. Given that neither Mr. Bernstein, nor any other attorney at his Firm have yet filed an Appearance in this action, the undersigned, in an abundance of caution, next called the Noa Law Firm at about 11:00 A.M. today to inquire as to the Bank's position as to the instant Motion and as a final attempt to resolve this controversy; however, the call was answered by a recorded message that invited the caller to leave a voice mail message, which the undersigned did.

16. Next, the undersigned sent an email at 11:32 A.M. to both, Mr. Noa and Mr. Bernstein, requesting their reply as to Bank of America's position with regard to this Motion; however, as of the time of filing this Motion, no reply has been received from Mr. Noa and Mr. Bernstein sent the undersigned an email corroborating the Bank's position, as previously related by him.

17. Later, at around 1:11 P.M., the undersigned received an email from Ana Diaz Noa, Esq., of the Noa Law Firm, advising that Mr. Bernstein and the Liebler, Gonzalez & Portuondo law Firm would be taking over representation of Bank of America in connection with this matter.

18. It is crystal clear from all of the foregoing that Bank of America has willfully violated the Court's Order [DE 190] that granted Ms. Dones access to her Safe Deposit Box and denied Plaintiff's [DE 177] Motion for an Order to Access that Safe Deposit Box.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

19. It is also crystal clear from all of the foregoing that by urging and requesting that Bank of America deny Ms. Dones access to the Box, the Plaintiff has similarly willfully violated the Court's Order [DE 190] granting Ms. Dones access to her Safe Deposit Box.

## MEMORANDUM OF LAW AND ARGUMENT

20. District courts have inherent and statutory power to enforce their Orders and to punish violators for contempt. **Roadway Express. Inc., v. Piper**, 447 U.S. 752, 764-765, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); **Citronelle-Mobile Gathering, Inc. v. Watkins**, 943 F.2d 1297, 1301 (11th Cir. 1991).

21. Civil contempt is a remedial sanction designed and intended to obtain compliance with a court order or to compensate for damages sustained as a result of noncompliance. **Piambino v. Bestline Prod.'s**; 645 F. Supp. 1210 (1986), *citing* **McComb v. Jacksonville Paper Co.**, 336 U.S. 187, 191, 69 S. Ct. 497, 93 L. Ed. 599 (1948).

22. A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. **Thomas v. Blue Cross Blue Shield Ass'n.**, 594 F.3d 813, 821 (11th Cir. 2010); **Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.**, 950 F.2d 1525, 1529 (11th Cir. 1992).

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

23. Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend its failure on the grounds that it was unable to comply. *Id.*

24. Parties subject to a court's order demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply. *Citronelle-Mobile*, 943 F.2d at 1301.

25. In order to meet its inability to comply with the Order, the contemnor must do more than merely assert an inability to comply; rather, it must "produce detailed evidence specifically explaining why he cannot comply" with the court's Order. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 740 (11th Cir. 2006).

26. The burden only shifts back to the party seeking contempt to prove the ability to comply if the alleged contemnor makes a sufficient evidentiary showing. *Wellington Precious Metals*, 950 F.2d at 1529.

27. To find contempt, the court must determine that the Order violated was clear and unambiguous and that the party to be charged had notice of the Order but did not diligently attempt to comply. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000); see also *Citronelle-Mobile*, 943 F.2d at 1301; *Popular Bank of Florida v. Banco Popular De Puerto Rico*, 180 F.R.D.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

461, 465-66 (S.D. Fla. 1998) *citing,* **In re E.I. DuPont De Nemours**, 99 F.3d 363, 372 (11th Cir. 1996).

28. The failure to comply need not be with the intent to disobey a court order; indeed, intent to disobey is not a prerequisite to a finding of civil contempt. Thus, the absence of willfulness does not relieve an entity from civil contempt. **Popular Bank of Florida**, *supra*.

29. "[T]he focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." **Howard Johnson Co., Inc. v. Khimani**, 892 F.2d 1512, 1516 (11th Cir. 1990); **Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush**, 261 F.3d 1037, 1047 (11th Cir. 2001).

30. The non-moving party cannot prove impossibility to comply with the court's order through mere assertions. **United States v. Hayes**, 722 F.2d 723, 725 (11th Cir. 1984). See also **In re Chase & Sanborn Corp.**, 872 F.2d at 400.

31. A finding of civil contempt must be based on clear and convincing evidence that a court order was violated. This standard is more exacting than the preponderance of the evidence standard, but does not require proof beyond a reasonable doubt. **Tom James Co. v. Morgan**, 141 Fed. Appx. 894, 897 (11th Cir. 2005).

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

32. To overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible. ***In re Chase & Sanborn Corp.***, 872 F.2d at 400 (11th Cir. 1989); ***United States v. Rylander***, 460 U.S. 752, 756-57 (1983); ***Hayes***, 722 F.2d at 725.

33. Civil contempt sanctions "may serve to either (1) coerce the contemnor to comply with a court order, or (2) compensate a party for losses suffered as a result of the contemnor's act." ***Federal Trade Com'n v. Leshin***, 2011 U.S. Dist. LEXIS 14778, 2011 WL 617500, 24 -25 (S. D. Fla. February 15, 2011) citing ***Sheet Metal Workers Local 441, Health & Welfare Fund v. Unatank Corp., Inc.***, 2008 U.S. Dist. LEXIS 40539, 2008 WL 2163915, 2 (S.D. Ala., May 19, 2008).

34. Coercive sanctions include such sanctions as a daily fine until compliance. ***Sheet Metal Workers Local 441***, 2008 U.S. Dist. LEXIS 40539, 2008 WL 2163915 at 2.

35. A coercive fine "is paid into the court registry, not to the complainant" and "the court 'must consider the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction bringing about the result desired.'" ***In re Chase & Sanborn Corp.***, 872 F.2d at 401. However, the sanction imposed to coerce the contemnor to

Page **11** of **15**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

comply with the court's order may not be so excessive as to be punitive in nature. ***Citronelle-Mobile***, 943 F.2d at 1304.

36. Here, there is or cannot be any dispute that the Order [DE 190] that granted Ms. Dones access to her Safe Deposit Box and denied Plaintiff's [DE 177] Motion for an Order to Access that Safe Deposit Box was valid and lawful, as well as clear, definite and unambiguous.

37. When a district court enters an Order, that Order should be followed; it should not be viewed as an advisory opinion that one chooses to follow or not at one's whim or convenience.

38. Clearly, Bank of America should not have simply ignored the Court's Order here because the Plaintiff "*expect[ed] Bank of America [to] continue to prevent access to the safe deposit box until this matter is finally resolved*" or for any other reason.

39. It was not up to the Plaintiff to dictate to Bank of America whether the Bank should comply with the Court's Order, just as it was not up to Bank of America to decide that it wanted the Order to have different language than the Court expressed in it because the Bank's counsel wanted it that way.

## ENTITLEMENT TO REASONABLE ATTORNEYS' FEES UNDER *FLA. STAT.* § 57.105.

40. Pursuant to ***Fla. Stat.*** § 57.105, Third Party Irene Dones is entitled to

Page **12** of **15**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

the reasonable attorney's fees and costs it has incurred and will incur in connection with these proceedings.

## CERTIFICATE OF CONFERRAL

41.     Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he has conferred with previous and present counsel for the Bank and with counsel for the Plaintiff in a good faith effort to resolve the issues raised in this Motion but has been unable to resolve the issues.

## CONCLUSION

As the foregoing recitations of fact demonstrate and as they are applied to the cited law confirms, Bank of America and Plaintiff have plainly and willfully violated the Court's valid, lawful, clear, definite and unambiguous Order [DE 190] that granted Ms. Dones access to her Safe Deposit Box and denied Plaintiff's [DE 177] Motion for an Order to Access that Safe Deposit Box.

Accordingly, an Order requiring Bank of America and Plaintiff to show cause why they should not be held in contempt is warranted.

**WHEREFORE,** Third Party Irene Dones respectfully submits that the facts set out above warrant and she therefore requests entry by the Court of an Order holding Bank of America and Plaintiff in contempt, imposing appropriate sanctions against Bank of America and Plaintiff for their violation of the Court's Order [DE

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com

190], including imposition of a compensatory fine, an award of attorneys' fees and costs under the Court's inherent powers, and such other and further relief to which the Court finds Ms. Dones is entitled. Ms. Dones further requests that the Court enter an Order directing that, pursuant to *Fla. Stat.* § 57.105, the Plaintiff and/or the Bank as garnishee reimburse her the reasonable fee that she has incurred and will incur for the services of her undersigned counsel in connection with these proceedings, for the foregoing reasons.

## REQUEST FOR A HEARING

Ms. Dones also respectfully request that the Court schedule a hearing in connection with this Motion.

**DATED:**  May 19, 2021.

                                          Respectfully submitted,

                                        **Donet, McMillan & Trontz, P.A.**

                                      By: /s/ David A. Donet, Jr.
                                            David A. Donet, Jr., Esq.
                                            Attorney for Third Party Irene Dones

[Certificate of Service on next page]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 19, 2021, undersigned counsel served the foregoing Third Party Irene Dones' Motion for Civil Contempt Against Bank of America and Plaintiff via email on Plaintiff's counsel, Christopher J. Lyon, Esq., at [cjlyon@simmsshowers.com] and on Garnishee Bank of America's counsel, Joseph A. Noa, Jr., Esq., at (e-service@noalawfirm.com) and John D. Bernstein, Esq. at (jdb@lgplaw.com).

                               **Donet, McMillan & Trontz, P.A.**

                               By: /s/ David A. Donet, Jr.
                                    David A. Donet, Jr., Esq.
                                    Florida Bar No.: 129810
                                    Attorney for Third Party Irene Dones
                                    3250 Mary Street, Suite 406
                                    Coconut Grove, Florida 33131
                                    Telephone: (305) 444-0030
                                    Fax: (305) 444-0039
                                    Email: donet@dmt-law.com
                                    Email: paralegals@dmt-law.com

Page **15** of **15**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
Suite 406, Continental Plaza, 3250 Mary Street, Coconut Grove, FL 33133
• Phone 305-444-0030 • Fax 305-444-0039 •
www.dmt-law.com