UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23941-CIV-GAYLES/OTAZO-REYES

BRIDGEHEAD CONTAINER SERVICES LTD.,

    Plaintiff,

v.

ANGEL DONES, Jr.

    Defendant.
_____/

# ORDER

THIS CAUSE came before the Court upon the following submissions:

1. Garnishee Bank of America, N.A.'s ("Bank of America") Emergency Motion for Clarification of Order of May 18, 2021 [D.E. 190] (hereafter, "Motion for Clarification") [D.E. 194]; and

2. Third Party Irene Dones' ("Mrs. Dones") Motion for Civil Contempt Against Bank of America and Plaintiff (hereafter, "Motion for Contempt") [D.E. 193].

These matters were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge [D.E. 197]. The undersigned held a Zoom evidentiary hearing on these matters on May 26, 2021 (hereafter, "Evidentiary Hearing") [D.E. 207]. For the reasons set forth below, the undersigned GRANTS Bank of America's Motion for Clarification and DENIES Mrs. Dones' Motion for Contempt.

## PROCEDURAL BACKGROUND

On April 9, 2021, Plaintiff Bridgehead Container Services, Ltd. ("Plaintiff" or "Bridgehead") filed an Application for Post-Judgment Writ of Garnishment ("Writ") directed

at Bank of America in an effort to collect an unpaid final judgment entered in this case against Defendant Angel Dones, Jr. ("Defendant") [D.E. 168]. On April 13, 2021, the Clerk of Court issued the Writ [D.E. 170]. On April 21, 2021, Bank of America answered the Writ, stating in pertinent part as follows:

> 2. Garnishee's records reflect that Defendant(s) is/are lessee(s) of safe deposit box(es) identified as follows:
>
> | Name(s) on Box(es) | Box(es) No(s) | Box(es) Location |
> |---|---|---|
> | Irene Dones<br>Angel M. Dones<br>176 Paloma Dr.<br>Coral Gables, FL 33143-6545 | xxxx-xxxx-1780 | South Miami Banking Center<br>1500 S. Dixie Hwy.<br>Coral Gables, FL 33146-3033 |

See Answer [D.E. 172].[1]

On May 12 and 17, 2021, the undersigned held hearings on Mrs. Dones' Emergency Motion to Dissolve as to Her the Writ [D.E. 179] and Bridgehead's Motion to Access Safe Deposit Box [D.E. 177]. Mrs. Dones sought dissolution of the Writ as to her due to Plaintiff's failure to furnish her notice in compliance with the provisions of Fla. Stat. § 77.005.

On May 18, 2021, after considering the language of the statute and relevant case law, the undersigned found "that dissolution of the Writ as to Mrs. Dones [wa]s the proper remedy" for such failure and granted her Emergency Motion to Dissolve as to Her the Writ. See May 18, 2021 Order [D.E. 190]. Additionally, the undersigned denied as moot Plaintiff's Motion to Access Safe Deposit Box. Id.

On May 18, 2021, Plaintiff filed another Application for Post-Judgment Writ of Garnishment directed at Bank of America, and the Clerk of Court issued the

---

[1] Bank of America filed an Amended Answer the same day, which did not change the foregoing statement [D.E. 173].

corresponding Writ of Garnishment (hereafter, "Second Writ") on May 19, 2021 [D.E. 191, 192].

On May 19, 2021, Bank of America filed its Motion for Clarification as to the finality of the undersigned's May 18, 2021 Order and as to Bank of America's obligations regarding Safe Deposit Box No. -1780, referenced in its Answer to the Writ. <u>See</u> Motion for Clarification [D.E. 194]. Bank of America attached thereto an email communicating Mrs. Dones' intention to file a Motion for Contempt against it [D.E. 194-1].

On May 19, 2021, Mrs. Dones filed her Motion for Contempt, proffering a narration of the events that took place after notification of the May 18, 2021 Order issued at 12:04 p.m. [D.E. 193-1, at 2], and attaching several email communications among counsel [D.E. 193-2, at 2; 193-3, at 2; 193-4, at 2; 193-5, at 2]. The timeline of events was as follows:

1. At 1:00 p.m., Mrs. Dones arrived at Bank of America's South Miami Branch and requested access to Safe Deposit Box No. -1780, but it was denied by a Branch Assistant Manager, who stated that no access would be allowed until Bank of America's lawyers approved it [D.E. 193 at 2-3].

2. At 1:31 p.m., counsel for Plaintiff requested from Bank of America's counsel that the Bank continue to prevent access to the safe deposit box [D.E. 193-3, at 2].

3. At 1:32 p.m., counsel for Mrs. Dones requested from counsel for Bank of America that they approve her access to the safe deposit box [D.E. 193-2, at 2].

4. At 2:34 p.m., counsel for Bank of America informed counsel for Mrs. Dones "that no entry into the safe deposit box may be had at this time" [D.E. 193-4, at 2].

5. At 2:53 p.m., counsel for Mrs. Dones demanded that Bank of America provide Mrs. Dones immediate access to the safe deposit box and advised that, absent compliance, a Motion for contempt and fees pursuant to Fla. Stat. 57.105 would be filed [D.E. 193-5, at 2].

Relying on these submissions, Mrs. Dones argues that both Bank of America and

3

Plaintiff "willfully violated" the undersigned's May 18, 2021 Order, which Mrs. Dones claims granted her access to Safe Deposit Box No. -1780.  See Motion for Contempt [D.E. 193 at 7-8].

### EVIDENTIARY HEARING

At the May 26, 2021 Evidentiary Hearing, the following witnesses testified:  Mrs. Dones; and Dawn Hurley ("Ms. Hurley"), a banking officer and court appearance analyst with Bank of America.  Additionally, "Exhibit A: [REDACTED] Irene Dones - Bank of America Safe Deposit Box Rental Agreement dated May 28, 2015" (hereafter, "Rental Agreement") proffered by Mrs. Dones was admitted.

    ***A. Mrs. Dones' testimony.***

1.    According to Mrs. Dones, the Rental Agreement shows that Safe Deposit Box No. -1780 is her box.  Mrs. Dones acknowledged that the Rental Agreement does show the name and signature of Defendant, her husband, as another person authorized to access the box.

2.    Mrs. Dones' intention in allowing Defendant to be able to access the box was in case she passed away or something happened to her, as a marital asset.

3.    After issuance of the May 18, 2021 Order, Mrs. Dones went to the bank and tried to access the safe deposit box.  After speaking to two persons, she was given a number to call; however, the call, which also included her counsel, was not fruitful and Mrs. Dones was not allowed access to the safe deposit box or to change the Rental Agreement paperwork.

4.    As a 32-year customer of the bank, Mrs. Dones was disappointed by the treatment she received.

5. Mrs. Dones acknowledged that, other than filling out the Rental Agreement, she did not provide any additional information to Bank of America.

6. When asked to clarify her answer, Mrs. Dones stated that, when she went to the bank, she always referred to the safe deposit box as her box.

**B. Ms. Hurley's testimony.**

7. In her capacity as banking officer and court appearance analyst, Ms. Hurley is familiar with Bank of America's compliance with writs of garnishment in connection with safe deposit boxes.

8. According to Ms. Hurley, Bank of America does not have access to safe deposit boxes; only renters have access to their boxes. Therefore, the bank has no knowledge of the contents of the safe deposit boxes or the ownership of those contents.

9. Based on her review of the bank's records, Safe Deposit Box No. -1780 was rented to Mrs. Dones and Defendant, who were both co-renters of the box.

10. When Bank of America received the May 18, 2021 Order dissolving the Writ as to Mrs. Dones, the bank was not able to release the box to Mrs. Dones if the Writ was still active as to Defendant, as co-renter of the box.

11. According to Ms. Hurley, as long as a co-renter's name and information are on a rental agreement, and the co-renter signs the rental agreement, that person is considered a co-renter and can have access to the safe deposit box.

## THE MOTION FOR CLARIFICATION

As noted above, Bank of America seeks clarification as to: (1) the finality of the undersigned's May 18, 2021 Order; and (2) Bank of America's obligations regarding Safe Deposit Box No. -1780. With respect to the first item, the undersigned states that her

May 18, 2021 Order was issued pursuant to the Court's Referral Order [D.E. 180], and that referrals to Magistrate Judges are subject to the following statutes and rules: 28 U.S.C. § 636; Fed. R. Civ. P. 72; and Rule 1, Magistrate Judge Rules, Local Rules, United States District Court, Southern District of Florida.

With respect to the second item, the undersigned states that her May 18, 2021 Order is clear on its face in that it only addressed Mrs. Dones' Emergency Motion to Dissolve as to Her and concluded "that dissolution of the Writ as to Mrs. Dones [wa]s the proper remedy" for Plaintiff's failure to furnish her notice in compliance with the provisions of Fla. Stat. § 77.005.

## THE MOTION FOR CONTEMPT

As noted above, Mrs. Dones seeks a finding of civil contempt against both Bank of America and Plaintiff on the grounds that they "willfully violated" the undersigned's May 18, 2021 Order, which Mrs. Dones claims granted her access to Safe Deposit Box No. -1780.

The Court's power to find a person or entity in civil contempt for disobeying its order stems from the Court's inherent power to enforce compliance with its lawful orders. See United States v. Barnette, 129 F.3d 1179, 1182 n.7 (11th Cir. 1997) (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991)); Popular Bank of Fla. v. Banco Popular De Puerto Rico, 180 F.R.D. 461, 465 (S.D. Fla. 1998) ("The court's power to enforce compliance with its lawful orders is inherent."). Title 28, United States Code, Section 636 provides that magistrate judges may certify facts to the district court supporting a finding of civil contempt. 28 U.S.C. § 636(e)(6).

"On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order." Thomas v. Blue

6

Cross & Blue Shield Ass'n, 594 F.3d 814, 821 (11th Cir. 2010) (quoting Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 739–40 (11th Cir. 2006)). "This clear and convincing proof must also demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000) (quoting Jordan v. Wilson, 851 F.2d 1290, 1292 n.2 (11th Cir. 1988)).

The evidence presented by Mrs. Dones in support of the Motion for Contempt does not rise to the level of clear and convincing proof of willful violation of the May 18, 2021 Order, given that the Order did not clearly, definitely and unambiguously grant Mrs. Dones access to Safe Deposit Box No. -1780.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDED that Bank of America's Motion for Clarification is GRANTED as articulated above; and Mrs. Dones' Motion for Contempt is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of June, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
      Counsel of Record